UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LIU,<br>　　　　Plaintiff,<br>　　v.<br>UC BERKELEY/UC REGENTS,<br>　　　　Defendant. | Case No. 15-cv-4958-PJH<br><br>**ORDER DENYING MOTION TO DISQUALIFY JUDGE** |

　　　　Plaintiff Amy Liu seeks an order disqualifying the undersigned district judge under 28 U.S.C. §§ 455(a), 455(b)(2), and 455(b)(3). In her motion, plaintiff states that "the background of Honorable Phyllis J. Hamilton's career as a public defendant attorney who served public school for so many years before, I don't feel comfortable in having her be the judge for all further proceedings in this case about a public school." Dkt. 21, ¶ 5.

　　　　This case was randomly assigned to the undersigned pursuant to the court's Assignment Plan, as set forth in General Order 44. The general rule in federal court is that a judge should handle the cases assigned to him or her unless a legitimate reason for recusal exists. See United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008). Legitimate reasons for recusal are outlined in two statutes – 28 U.S.C. §§ 455 and 144 – and in § 3(C) of the Code of Conduct for United States Judges.

　　　　Section 455 provides in relevant part:

　　(a) Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

　　(b) He shall also disqualify himself in the following circumstances:

. . .

> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

28 U.S.C. § 455.

Although plaintiff's motion does not invoke 28 U.S.C. § 144, that section provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144.  If a judge finds a § 144 motion timely and the affidavit legally sufficient, the judge must proceed no further and another judge must be assigned to hear the matter.  28 U.S.C. § 144; U.S. v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).

Under both § 144 and § 455, the standard is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).  A "reasonable person" is not "hyper-sensitive or unduly suspicious," but rather a "well-informed, thoughtful observer." See id. (citing Holland, 519 F.3d at 913 (quotations omitted).

While the test for personal bias is the same under both statutes, the procedural requirements of the sections are different.  Sibla, 624 F.2d at 867.  Section 144 "expressly conditions relief upon the filing of a timely and legally sufficient affidavit." Id.

(citations omitted).  If the judge to whom the motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, "the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." Id. (citation omitted).

An affidavit filed pursuant to § 144 "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Id. at 868 (citation omitted).

It appears that the only basis for plaintiff's motion is the undersigned's previous employment as a public defender.  That, standing alone, provides no basis on which to question the undersigned's impartiality.   And to the extent that the court understands plaintiff's contention that the undersigned "served public school for so many years before," the court finds no basis for it, nor does plaintiff explain what was intended by the allegation.

Plaintiff's declaration does not add any facts that would suggest the undersigned's impartiality might reasonably be questioned, as it states only that "[i]t may be very hard for Hon. Phyllis J. Hamilton to conduct a fair judgment on a lot of further court proceedings," and that "it may not be fair for Hon. Phyllis J. Hamilton as well so a random re-selection of a judge should be the best choice." See Dkt. 21-1, ¶ 14.

Accordingly, plaintiff's motion is DENIED.  The hearing set for February 17, 2016 is VACATED.

**IT IS SO ORDERED.**

Dated:  February 8, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge