UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LIU,<br><br>        Plaintiff,<br><br>    v.<br><br>UC BERKELEY/UC REGENTS,<br><br>        Defendant. | Case No. 15-cv-4958-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING LEAVE TO FURTHER AMEND COMPLAINT; VACATING MOTION HEARING**<br><br>Doc. no. 30 |

Before the court is the motion of plaintiff Amy Liu, appearing in pro per, seeking leave to file a first amended complaint. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 4, 2016 is VACATED. For the reasons set forth below, plaintiff's motion for leave to file an amended complaint is GRANTED IN PART AND DENIED IN PART, and plaintiff is GRANTED LEAVE TO FURTHER AMEND the complaint.

**BACKGROUND**

Liberally construed, the complaint asserts the following four claims for relief: (1) employment discrimination, namely, disparate treatment based on race, age and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981a; (2) retaliation by University of California ("UC") Berkeley by terminating plaintiff and blocking her reemployment in violation of Title VII; (3) defamation based on statements to a third party by Diane Onley, manager of the Industrial Engineering & Operating Research ("IEOR") Department, and Charro Albarran,

the Preferential Rehire/Recall Program Manager; and (4) liability by UC Berkeley for breach of constitutional rights and damage to reputation caused by UC employees.

Defendant The Regents of the University of California ("defendant" or "The Regents"), appearing on behalf of the erroneously named UC Berkeley/UC Regents, filed an answer to the complaint on December 9, 2015. The court held the initial case management conference on March 3, 2016, and set dispositive motion deadlines.

Plaintiff filed the instant motion for leave to amend the complaint on March 31, 2016. Defendant filed an opposition, and plaintiff timely filed a reply. The matter is submitted on the papers.

**DISCUSSION**

**A.     Legal Standard**

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain consent of the defendant or leave of court to amend the complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also, e.g., Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is being sought by plaintiffs in bad faith or with a dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

**B.     Analysis**

The proposed amended complaint ("PAC") asserts the following claims for relief, styled as "Count One" through "Count Six:"

> 1.     Employment discrimination based on race, age and/or national origin, in violation of Title VII, 42 U.S.C. § 1981a, 42 U.S.C. § 1983, and the Civil Rights Act of 1991, alleging disparate treatment "for a similar position" and "hostile working environment." PAC ¶¶ 46, 47.
>
> 2.     Employment retaliation in violation of Title VII, by terminating plaintiff for questioning and objecting to the misconduct and discriminatory

2

|   |   |
|---|---|
| 1 | employment practices of the management of the IEOR, PAC ¶ 55; and |
| 2 | blocking her reemployment, PAC ¶ 59. |
| 3 | 3.     Defamation based on statements about plaintiff by Diane Onley and |
| 4 | Charro Albarran to a third party.  PAC ¶¶ 62-64. |
| 5 | 4.     Procedural due process violation, alleging that plaintiff was denied a |
| 6 | hearing on her whistleblower claim by the UC Whistleblower Program and |
| 7 | that she denied notice of a hearing in Alameda Superior Court, where she |
| 8 | was represented by counsel, on her petition for writ of mandate seeking |
| 9 | review of the decision by Director [of Office of Labor Commission] Christine |
| 10 | Baker on her retaliation claim.  PAC ¶¶ 67-69. |
| 11 | 5.     Statutory retaliation claim for violation of Cal. Labor Code § 1102.5, |
| 12 | and violation of UC Whistleblower Protection Policy, Section III.D, and UC |
| 13 | PPSM Policy, based on continued retaliatory actions by UC Berkeley after |
| 14 | the Labor Commissioner/Department of Industrial Relations failed to make |
| 15 | an unbiased investigation and decision on her whistleblower retaliation |
| 16 | complaint, by collaborating with plaintiff's former attorney Walston and the |
| 17 | Superior Court to block plaintiff's access to the court in seeking judicial |
| 18 | review of the Labor Commissioner's decision.  PAC ¶¶ 71-72. |
| 19 | 6.     Liability of UC Berkeley/UC Regents for breach of constitutional |
| 20 | rights and damage to plaintiff's reputation by UC employees.  PAC ¶¶ 74- |
| 21 | 77. |

22  Defendant contends that plaintiff seeks to amend her complaint to add two new claims:
23  (i) procedural due process in Count Four, and (ii) a statutory retaliation claim for violation
24  of California Labor Code § 1102.5 (whistleblower statute) in Count Five.  These claims
25  were not alleged in the original complaint.  The court further notes that Count One
26  alleging a disparate treatment claim for employment discrimination adds an allegation of
27  "[s]etting up a hostile working environment in violation of [ ] Title VII," which was not
28  alleged in the original complaint.  PAC ¶ 47.

3

Plaintiff initially stated that she does not seek leave to add new causes of action but only to better present her existing causes of action. Doc. no. 30 (Notice of Mot. Amend). However, plaintiff concedes in her reply that she wants to add allegations about a "series of actions" related to her October 2010 complaint to the California Labor Commissioner, suggesting that the Regents intentionally tried to delay or ruin the investigation and decision on her retaliation complaint. Doc. no. 32. As defendant has not, at this juncture, challenged the legal sufficiency of the claims raised in the original complaint (and has, indeed, answered that complaint), the court proceeds to determine whether to grant leave to add the newly raised claims pursuant to Rule 15.

### 1. Procedural Due Process Claim

Defendant opposes granting leave to amend the complaint to add "Count Four" for "procedural due process." Defendant argues that this claim relates only to the failure of plaintiff's former attorney in securing a hearing on her petition to the Alameda County Superior Court for judicial review of an agency decision on her retaliation complaint, and the procedural violations by the California Department of Industrial Relations, neither of whom is a defendant in this action. Doc. no. 31 ("Opp.") at 4. The newly raised claim alleges misconduct by plaintiff's former attorney and the California Department of Industrial Relations, without any factual allegations to support plaintiff's conclusory statements that "all these were from UC Berkeley's consents," and that "defendant attorney Smith collaborated" with plaintiff's former attorney Walston to block her access to the court and her complaint. PAC ¶ 69. *See also* PAC ¶ 72. Although these particular allegations of misconduct by plaintiff's former attorney and the California Department of Industrial Relations do not state a cognizable claim against The Regents, the court will allow plaintiff to further amend her complaint to include factual allegations to support her assertion that UC Berkeley consented to, or collaborated in, denying plaintiff a court hearing on review of the agency decision on her retaliation complaint. Therefore, the court DENIES plaintiff's request for leave to amend the complaint to add ¶ 69 as currently alleged in the Proposed Amended Complaint, and GRANTS LEAVE TO FURTHER

4

1   AMEND with respect to the procedural due process claim raised in PAC ¶ 69 based on
2   the denial of a hearing on her petition before the Alameda County Superior Court.
3   　　　The procedural due process claim styled as "Count Four" also alleges that "UC
4   Whistleblower Program's failure to grant her such a hearing violated Plaintiff's right to
5   procedural due process protected by Fourteenth Amendment to the Constitution of
6   United States of America." PAC ¶ 68.  This allegation sufficiently alleges a colorable
7   claim for denial of procedural due process rights.  *See Raditch v. United States*, 929 F.2d
8   478, 480 (9th Cir. 1991) ("When a government-created property interest is at stake, due
9   process principles require at least notice and an opportunity to respond in some manner,
10  whether in writing or at an oral hearing, before termination of that interest.") (citing
11  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)).  As defendant has not
12  shown under *Foman* that amendment to add this claim is futile, would cause undue
13  prejudice to the defendant, or is being sought by plaintiff in bad faith or with a dilatory
14  motive, leave to amend to add the new procedural due process claim asserted in PAC
15  ¶ 68 is GRANTED.
16  　　　**2.    Statutory Retaliation Claim**
17  　　　Defendant objects to proposed "Count Five" alleging retaliation in violation of
18  Labor Code § 1102.5, on the ground that it is time-barred.   Defendant argues that a 3-
19  year statute of limitations under CCP § 338(a) applies to "liability created by statute" and
20  only a 1-year statute of limitations under § 340(a) to seek "penalty or forfeiture.  Opp. at
21  4.  Defendant contends that even under the more generous 3-year limitations period, the
22  last date to file plaintiff's statutory retaliation claim, based on a layoff date of August 31,
23  2009, would have been August 31, 2012.  However, plaintiff has alleged a pattern of
24  continuing conduct, including interference with her reemployment, interference with the
25  retaliation complaint before the Division of Labor Standards Enforcement, and
26  defamation, so that the limitations period would not necessarily be triggered by her
27  termination date.  This case is still in a relatively early stage of litigation, and defendant
28  has alleged in its affirmative defenses to the original complaint that plaintiff's claims are

time-barred. As defendant will have the opportunity to challenge the timeliness of the newly asserted statutory retaliation claim in a motion to dismiss or dispositive motion, amendment to add this claim would not cause undue prejudice to defendant. Therefore, leave to amend to add the statutory retaliation claim asserted in "Count Five" is GRANTED. *See Eminence Capital*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.").

### 3.   Hostile Work Environment

The court notes that the PAC raises a new allegation of hostile work environment that was not alleged as a claim in the original complaint:

> Setting up a hostile working environment . . . caused intentionally disparate treatment in IEOR department under the COE [College of Engineering] and well-supported and omitted by UC Berkeley/UC Regents; making various illegal conducts and using UC and our tax payer's money as their ATM machine that harms both the public and their own employees as well as being against UC and California state OSHA (Office of Safety and Health Administration) policies.

PAC ¶ 47.

Defendant does not object to this newly raised hostile work environment allegation in PAC ¶ 47, which also restates the disparate treatment allegations raised in the original complaint. The original complaint generally alleged that defendant "established a hostile working environment," but did not assert a harassment or hostile work environment claim independent of the disparate treatment and retaliation claims. Compl. ¶ 2. The new hostile work environment allegation does not factually distinguish the disparate treatment theory of discrimination based on race, age and/or national origin from the conclusory statement that defendant created a "hostile working environment." PAC ¶ 47.

To state a hostile work environment claim, a plaintiff must allege that "'(1) he was subjected to verbal or physical conduct because of his race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment.'" *Johnson v.*

6

*Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003)) (internal marks omitted).

The court notes that neither the original complaint nor the Proposed Amended Complaint contains factual allegations to allege discriminatory conduct that was so "severe or pervasive" that it altered the conditions of employment and created an abusive work environment. Rather, the reference to a hostile work environment reiterates the allegations that managers "misused power and university money for their own personal benefits and life styles; refused to provide good services to UC own clients, faculty members, staffs and students, etc." PAC ¶ 4. Thus, the allegation of a hostile work environment, as currently stated in PAC ¶ 47, fails to allege the elements of a hostile work environment claim, as set forth above. Liberally construing the allegations, however, the court does not find the hostile work environment claim to be frivolous or made in bad faith. Because of the presumption in favor of granting leave to amend, and in the absence of a showing by defendant that amendment of the complaint to include a hostile work environment claim would be futile, unduly prejudicial, or in bad faith, the court GRANTS LEAVE TO FURTHER AMEND THE COMPLAINT with respect to PAC ¶ 47, to add factual allegations to establish the elements of a hostile work environment claim, if plaintiff can substantiate such a claim.

## CONCLUSION

For the reasons set forth above, the court ORDERS as follows:

1. Plaintiff's motion for leave to amend the complaint is DENIED IN PART with respect to PAC ¶ 69, which alleges misconduct by plaintiff's former attorney and the California Department of Industrial Relations in support of a new procedural due process claim against defendant. However, plaintiff is GRANTED LEAVE TO FURTHER AMEND PAC ¶ 69 to allege facts to support her assertion that UC Berkeley consented to, or collaborated in, denying plaintiff a court hearing on review of her retaliation complaint in violation of her right to procedural due process.

2.	Plaintiff is GRANTED LEAVE TO FURTHER AMEND PAC ¶ 47 to allege facts to support the elements of a hostile work environment claim, if substantiated.

3.	Except for the limited rulings granting leave to further amend ¶ 47 and ¶ 69 of the Proposed Amended Complaint, plaintiff's motion for leave to amend is GRANTED IN REMAINING PART, including the new claims asserted in ¶ 68 of "Count Four" for denial of procedural due process with respect to the UC Whistleblower Program's failure to grant a hearing, and in ¶¶ 71-72 of "Count Five" for retaliation in violation of Labor Code § 1102.5.

To be clear, plaintiff may further amend the PAC as to ¶ 47 and ¶ 69 by adding facts as required above.  Her proposed amendments to ¶¶ 68, 71-72 are adequate and shall remain as stated.  No additional claims, parties, or facts may be included in the further amendments permitted by this order.

Accordingly, plaintiff may further amend the complaint, in compliance with the rulings set forth in this order, and file the amended complaint as the "Second Amended Complaint," by **May 19, 2016**.

Defendant shall have 21 days after the filing of the Second Amended Complaint to file an answer or otherwise respond.

**IT IS SO ORDERED.**

Dated:  April 28, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge